[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13024

_____

RICHARD COTROMANO,
BETHANY COTROMANO,
FRANK DECARLO,
PAULETTE DECARLO,
GREGORY DUNSFORD, et al.,

Plaintiffs-Appellants,

BILL FEATHERSTON, et al.,

Plaintiffs,

JOSEPH ADINOLFE, et al.,

Consol Plaintiffs,

*versus*

2                    Opinion of the Court                    22-13024

UNITED TECHNOLOGIES CORPORATION, PRATT AND WHITNEY GROUP, et al.,

Defendants,

RTX CORPORATION, d/b/a PRATT & WHITNEY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:13-cv-80928-KAM

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal concerns one of many toxic tort cases stemming from a property known as "The Acreage" in Palm Beach County, Florida. Defendant-Appellee Raytheon Technologies Corporation, d/b/a Pratt & Whitney (P&W) operates an industrial facility five miles north of The Acreage. Plaintiffs-Appellants include various property owners who reside in The Acreage. In 2009, the Florida Department of Health (FDOH) declared a cancer cluster in The Acreage. After these findings received attention from news outlets

and realtor associations alike, Plaintiffs-Appellants sued P&W and sought compensation for diminution of property value resulting from stigmatization.  Plaintiffs-Appellants alleged that P&W's improper remediation and disposal of radioactive materials caused the cancer cluster, and the resulting designation by the FDOH uniformly stigmatized The Acreage.

On appeal, Plaintiffs-Appellants argue the following:

I.    The district court abused its discretion in excluding the testimony of various experts put forward by Plaintiffs-Appellants.

II.   The district court abused its discretion in allowing certain P&W expert testimony.

III.  The district court abused its discretion in its phrasing of special jury interrogatories.

IV.   The district court abused its discretion in denying class certification.

After careful review of the briefs and record, and with the benefit of oral argument, we find no reversible error.

Beginning with the expert testimony challenges, the record demonstrates that the district court conducted a comprehensive two-day hearing to address the various motions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Our review of the record demonstrates that the district court acted well within the "considerable leeway" we afford trial courts' expert testimony decisions—whether in excluding the testimony of Brian Moore,

Bernd Franke, and Dr. William Sawyer, along with permitting the testimony of Dr. Duane Mitchell. *See Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1304–05 (11th Cir. 2014) (quotation marks omitted). Given the district court's thorough familiarity with the case's evidentiary circumstances, we see no reason to disturb its expert testimony rulings.

Nor do we find reversible error as to either the special interrogatories or class certification. A review of the record demonstrates that the district court methodically handled the parties' objections, and the final verdict form and instructions, taken together, comport with both Florida law and this case's factual posture. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam). We cannot say that the court abused its discretion in its phrasing of the special interrogatories. And because Plaintiffs-Appellants' other challenges fail, we need not reach the merits of the class certification claim. *See Williams v. Wallis*, 734 F.2d 1434, 1441 (11th Cir. 1984).

Accordingly, we affirm the well-reasoned decisions by the district court.

**AFFIRMED.**